## Di Martino *v.* United States (No. 2718)[1]

MARKING—ARTICLE—PACKAGE—PENALTY—FIGS IN BASKETS IN CASES

Where figs were imported in baskets, the baskets in cases, the *articles* required by section 304 (a), Tariff Act of 1922, to be marked, if practicable, so as to indicate the country of origin, were the figs; and the *packages* required by the section to be so marked were the baskets and cases. The section assesses additional duty for failing to mark the *article*, but not for failing to mark the *package*. *United States* v. *Martorelli*, 12 Ct. Cust. Appls. 327, T. D. 40483.

United States Court of Customs Appeals, April 17, 1926

APPEAL from Board of United States General Appraisers, Abstract 50908

[Reversed.]

*Allan R. Brown* for appellant.
*Charles D. Lawrence*, Assistant Attorney General, for the United States.

---

[Oral argument March 30, 1926, by Mr. Brown and Mr. Lawrence]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

Figs packed in small baskets were imported in wooden cases containing fifty baskets each. Neither the cases nor the baskets at the time of importation were marked to indicate the country of origin. They were required to be marked under customs supervision. Thereupon the collector assessed the merchandise with the additional duty of 10 per centum of its appraised value.

The importer protested that the articles of importation were figs, and not baskets of figs, and, as the figs were not capable of being marked, stamped, branded, or labeled without injury, they were not legally subject to the additional duty assessed against them.

Section 304 (a) of the Tariff Act of 1922 reads as follows:

SEC. 304. (a) That every article imported into the United States which is capable of being marked, stamped, branded, or labeled, without injury, at the time of its manufacture or production, shall be marked, stamped, branded, or labeled, in legible English words, in a conspicuous place that shall not be covered or obscured by any subsequent attachments or arrangements, so as to indicate the country of origin. Said marking, stamping, branding, or labeling shall be as nearly indelible and permanent as the nature of the article will permit. Any such article held in customs custody shall not be delivered until so marked, stamped, branded, or labeled, and until every such article of the importation which shall have been released from customs custody not so marked, stamped, branded, or labeled shall be marked, stamped, branded, or labeled, in accordance with such rules and regulations as the Secretary of the Treasury may prescribe. Unless the article is exported under customs supervision, there shall be levied, collected, and paid upon every such article which at the time of importation is not so marked, stamped, branded, or labeled, in addition to the regular duty imposed by law on such article, a duty of 10 per centum of the appraised value thereof; or, if such article is free of duty there shall be levied, collected, and paid upon such article a duty of 10 per centum of the appraised value thereof.

Every package containing any imported article or articles shall be marked, stamped, branded, or labeled, in legible English words, so as to indicate clearly the country of origin  Any such package held in customs custody shall not be delivered unless so marked, stamped, branded, or labeled, and until every package of the importation which shall have been released from customs custody not so marked, stamped, branded, or labeled shall be marked, stamped, branded, or labeled, in accordance with such rules and regulations as the Secretary of the Treasury may prescribe.

The Secretary of the Treasury shall prescribe the necessary rules and regulations to carry out the foregoing provisions.

On the trial before the court below the importer testified that he sold the merchandise by the case; that it was sold at retail by the basket; and that the cases and the baskets were marked while in customs custody so as to indicate the country of origin of the merchandise.

Upon this record, the trial court, in overruling the protest, held that the imported article, in commerce, was a basket of figs, and not the individual figs, and, therefore, as the baskets of figs were not legally marked, the additional duty of 10 per centum of the appraised value thereof was properly assessed by the collector.

The collector did not require that the figs be marked, and there is no claim made here that they were capable of being marked without injury.

It is claimed in this court by counsel for appellant, and not denied by counsel for the Government, that the issue in this case has been decided by this court in the case of *United States* v. *Martorelli,* 12 Ct. Cust. Appls. 327, T. D. 40483.

The merchandise involved in that case consisted of figs packed in baskets. Neither the figs nor the baskets were marked, stamped, branded, or labeled, so as to indicate the country of origin. The collector assessed the merchandise with an additional duty of 10 per centum of the appraised value, and required the baskets to be marked in customs custody.

It was claimed by the importer in that case that the individual figs were the articles of importation, and that the baskets in which the figs were contained were packages; that section 304 (a) did not provide for an assessment of the additional duty of 10 per centum for failure to mark the packages in which the figs were contained, and, as the figs could not be marked without injury, no additional duty was legally assessable.

The Government contended that the baskets of figs were the articles of commerce, and, as such baskets were not legally marked, the additional duty was properly assessed.

No claim was made that the individual figs could be marked without injury.

This court held that the individual figs were the articles of importation; that the baskets in which they were contained were packages within the meaning of the section; that, as the statute did not provide for the assessment of the additional duty for failure to mark the packages, and, as no claim was made that the figs could be marked without injury, the assessment of the additional duty was without authority of law.

It is evident that the decision in the *Martorelli* case is determinative of the issues in the case at bar. The imported articles are the individual figs and not the baskets of figs.

The additional duty having been assessed because of the failure to mark the packages in which the figs were contained, and there being no statutory authority therefor, we must hold that such assessment was unlawfully made.

The judgment is *reversed.*