YOHALEM & DIAMAND *v.* UNITED STATES (No. 2680)[1]

MARKING—"ARTICLE IMPORTED" NOT ARTICLE OF COMMERCE—CANNED VEGETABLES.

Section 304 (a), Tariff Act of 1922, assesses additional duty upon "articles imported" not marked, if practicable, "to indicate the country of origin." This does not mean the article of commerce. *Hudson Forwarding & Shipping Co. (Inc.)* v. *United States*, 14 Ct. Cust. Appls. 94, T. D. 41587, decided concurrently herewith. Cans of vegetables are not the articles; the vegetables are: and additional duty for failing to mark the cans was wrongfully imposed.

United States Court of Customs Appeals, May 1, 1926

APPEAL from Board of United States General Appraisers, Abstract 49879

[Reversed.]

*Allan R. Brown* for appellants.

*Charles D. Lawrence*, Assistant Attorney General (*Marcus Higginbotham*, special attorney, of counsel), for the United States.

[Oral argument March 30, 1926, by Mr. Brown and Mr. Lawrence]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

BLAND, Judge, delivered the opinion of the court:

Section 304 (a) of the Tariff Act of 1922 reads as follows:

SEC. 304. (a) That every article imported into the United States, which is capable of being marked, stamped, branded, or labeled, without injury, at the time of its manufacture or production, shall be marked, stamped, branded, or labeled, in legible English words, in a conspicuous place that shall not be covered or obscured by any subsequent attachments or arrangements, so as to indicate the country of origin. Said marking, stamping, branding, or labeling shall be as nearly indelible and permanent as the nature of the article will permit. Any such article held in customs custody shall not be delivered until so marked, stamped, branded, or labeled, and until every such article of the importation which shall have been released from customs custody not so marked, stamped, branded, or labeled, shall be marked, stamped, branded, or labeled in accordance with such rules and regulations as the Secretary of the Treasury may prescribe. Unless the article is exported under customs supervision, there shall be levied, collected, and paid upon every such article which at the time of importation is not so marked, stamped, branded, or labeled, in addition to the regular duty imposed by law on such article, a duty of 10 per centum of the appraised value thereof, or if such article is free of duty there shall be levied, collected, and paid upon such article a duty of 10 per centum of the appraised value thereof.

Every package containing any imported article, or articles, shall be marked, stamped, branded, or labeled, in legible English words, so as to indicate clearly the

1 T. D. 41586.

country of origin. Any such package held in customs custody shall not be delivered unless so marked, stamped, branded, or labeled, and until every package of the importation which shall have been released from customs custody not so marked, stamped, branded, or labeled shall be marked, stamped, branded, or labeled in accordance with such rules and regulations as the Secretary of the Treasury may prescribe.

The Secretary of the Treasury shall prescribe the necessary rules and regulations to carry out the foregoing provisions.

The collector imposed duty at 35 per centum ad valorem, under paragraph 773, upon certain vegetables packed in tins of about 10 pounds each, imported by appellant. In levying the additional duty the cost of the tins was included in the dutiable value of the merchandise as usual containers.

The collector assessed the merchandise with the 10 per centum duty provided for in section 304 (a), because the appraiser reported it not legally marked according to the requirements of the section.

The tins of vegetables were hermetically sealed, and contained about a gallon and a half of mixed vegetables pickled in vinegar. Some of the vegetables were whole, but most of them had been cut or sliced. The tins contained probably as many as a dozen different varieties of vegetables.

The only question in the case is, what is the "article imported?" The Government contends the "article imported." is the tin of vegetables, while the importers contend the "article imported" is the content of the containers.

If the tins of vegetables are the "articles," the appraiser's and collector's acts were proper and the judgment of the Board of General Appraisers affirming such action must be sustained, since it is admitted that the tins and the contents were not marked at the time of importation, but under Treasury regulations the tins were marked as containers or packages before their release from customs custody.

If the contention of the importers is correct that the contents of the tins is the article, then, since it is conceded that the article can not be marked, the assessment of the 10 per centum duty was unwarranted and the judgment of the board must be reversed.

The Government has laid great stress upon the fact that Examiner Knapp, introduced as a witness by the importers, testified positively that the "article of commerce is the can of vegetables." This testimony was also, evidently, controlling with the board. While this kind of testimony may have some bearing upon the issues, testimony to the effect that a thing is the article of commerce is not conclusive as to what is the "article imported," as provided for in the section.

In the case of *Bradford Co. et al.* v. *American Lithographic Co.,* 12 Ct. Cust. Appls. 318, this court said:

An article is defined by the lexicographers as something considered by itself, a particular object or substance; a material thing of a particular class or kind.

The court there held that individual cigar labels and not bundles of 100 cigar labels were the articles. True enough, in that case the individual cigar label could be marked, but the unit of commerce in that instance was not the individual cigar label.

A reading of the section is convincing that Congress had in mind articles which were incapable of being marked, and in which instance it is conceded that there could be no proper assessment of the additional duty.

In *United States* v. *Martorelli,* 12 Ct. Cust. Appls. 327, the importation consisted of baskets of figs, dried and pressed. There were 8 large baskets, each containing 60 smaller baskets of figs of 1 kilo each, 20 large baskets each containing 6 small baskets of about 10 kilos each, and 6 baskets of 30 kilos each. In that case there was no contention by either party that the figs could or could not be marked, but it was apparently assumed that they were incapable of being marked in accordance with the provisions of the statute. This court held that the articles were the individual figs and that the packages were the baskets, small and large, and that the additional 10 per centum duty could not properly be levied for failure to mark the packages.

In *Hobe Button Co.* v. *United States,* 12 Ct. Cust. Appls. 341, the importation consisted of 12 large buttons fastened to a card. In this case this court held that the buttons and not the cards of buttons were the articles. The Government and the Board of General Appraisers took the position that it was immaterial whether the buttons could be marked or not. This court arriving at the conclusion that the buttons were the articles, decided that it was important to determine whether or not they could be marked. However, the fact that the articles could or could not be marked was not determinative of the question as to what was the article.

In the case at hand we think that the articles imported are the vegetables and that the tins of vegetables are the packages. There may be packages within packages. *United States* v. *Martorelli, supra.* The failure to mark the vegetables, since they are incapable of being marked in accordance with the section, should incur no penalty of additional duty.

The judgment of the Board of General Appraisers is *reversed.*