HUDSON FORWARDING & SHIPPING CO. (INC.) *v.* UNITED STATES
(No. 2681)[1]

MARKING—"ARTICLE IMPORTED" NOT ARTICLE OF COMMERCE—CANS OF OLIVE OIL.

Section 304 (a), Tariff Act of 1922, assesses additional duty upon "articles imported" not marked, if practicable, "to indicate the country of origin." This does not mean the article of commerce. *Yohalem & Diamand* v. *United States*, 14 Ct. Cust. Appls. 92; T. D. 41586, decided concurrently herewith. A çan of olive oil is not the article; the oil is: and additional duty for failing to mark the cans was wrongfully imposed.

[1] T. D. 41587.

United States Court of Customs Appeals, May 1, 1926

APPEAL from Board of United States General Appraisers, Abstract 50207

[Reversed.]

*Allan R. Brown* for appellant

*Charles D. Lawrence,* Assistant Attorney General (*Marcus Higginbotham,* special attorney, of counsel), for the United States.

[Oral argument March 30, 1926, by Mr. Brown and Mr. Lawrence]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

BLAND, Judge, delivered the opinion of the court:

This appeal was briefed, argued, and submitted with *Yohalem & Diamand* v. *United States,* 14 Ct. Cust. Appls. 92, T. D. 41586, decided concurrently herewith, since it was thought that the issues were similar.

This case before the Board of General Appraisers consisted of six separate cases submitted together. The merchandise in each of the protests consists of olive oil in different sized tins, ranging from 5 gallons down.

The board, following previous rulings, said:

it being probably recognized, if not proven, that olive oil was not usually retailed and used in quantities as large as 1 gallon, but that every can or container of olive oil carrying not less than 1 gallon was to be regarded as carrying a shipment in bulk to be opened and retailed, and not sold in the shape in which imported.

Three of the protests were sustained, and a refund of the 10 per centum duty ordered because the olive oil was contained in tins of 1 gallon or more. The protests were overruled and the action of the collector assessing the 10 per centum additional duty was affirmed in instances where the tins contained less than 1 gallon of olive oil.

The protests before this court for decision are those involving olive oil which was contained in tins containing less than 1 gallon.

In these cases the board laid down the rule, as it did in the *Yohalem & Diamand* case, *supra,* that the article of commerce was the controlling factor, and treated the "article of commerce" as being synonymous in meaning with the "article imported," referred to in the section. While this rule is not without considerable logic supporting it, its adoption would, in our judgment, lead us far afield in the instance of many items of importation, and while it may have its bearing upon the question involved, it should not be controlling.

In this case the collector classified the merchandise for duty under the provisions of paragraph 304 for "olive oil weighing, with the imported container, less than 40 pounds," and imposed duty at 7½ cents per pound on contents and containers. The containers were, therefore, treated as usual containers.

Agreeable to our conclusion in the *Yohalem & Diamand* case, *supra*, we conclude that the article of importation was the olive oil; that it was incapable of being marked, and that the imposition of the 10 per centum additional duty was unwarranted in law.

The only possible difference between this case and the *Yohalem* case, *supra*, is the fact that in the latter an ad valorem duty of 35 per centum was provided for, and in this case the merchandise was dutiable at 7½ cents per pound. While this fact may have some bearing on the intent of Congress in using the words "articles imported," it is obvious that it can not be controlling.

Under the authority of the above-cited case and the cases cited therein, the judgment of the Board of General Appraisers overruling the protests is *reversed*.