BURSTEIN & SUSSMAN *v.* UNITED STATES (No. 2597)[1]

MARKING—PRESUMPTION FAVORING COLLECTOR—ADDITIONAL DUTY NOT LEVIED FOR FAILURE TO MARK PACKAGE.

Boxes containing sanitary napkins were required by the collector to be re-marked with the name of the country of origin, and additional duty was assessed against the goods. Since the marking statute (sec. 304 (a), Tariff Act of 1922) requires goods not to be delivered unless marked, if marking be practicable, it will be presumed that it was impracticable to mark the napkins. No additional duty is levied by the statute for failing to mark the package, and protest against its assessment should have been sustained.

United States Court of Customs Appeals, November 19, 1926

APPEAL from Board of United States General Appraisers, G. A. 8961, T. D. 40771

[Reversed.]

*Brooks & Brooks* (*Ernest F. A. Place* of counsel) for appellants.
*Charles D. Lawrence,* Assistant Attorney General (*Oscar Igstaedter* and *Marcus Higginbotham,* special attorneys, of counsel), for the United States.

[Oral argument October 8, 1926, by Mr. Place and Mr. Igstaedter]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

SMITH, Judge, delivered the opinion of the court:

Sanitary napkins imported at the port of New York were held not legally marked by the collector of customs and were accordingly assessed by him with an additional duty of 10 per centum on the appraised value under that part of section 304 of the Tariff Act of 1922 which reads as follows:

SEC. 304. (a) That every article imported into the United States, which is capable of being marked, stamped, branded, or labeled, without injury, at the time of its manufacture or production, shall be marked, stamped, branded, or labeled, in legible English words, in a conspicuous place that shall not be covered or obscured by any subsequent attachments or arrangements, so as to indicate the country of origin. * * * Any such article held in customs custody shall not be delivered until so marked, stamped, branded, or labeled * * *. Unless the article is exported under customs supervision, there shall be levied, collected, and paid upon every such article which at the time of importation is not so marked, stamped, branded, or labeled, in addition to the regular duty imposed by law on such article, a duty of 10 per centum of the appraised value thereof, or if such article is free of duty there shall be levied, collected, and paid upon such article a duty of 10 per centum of the appraised value thereof.

Every package containing any imported article, or articles, shall be marked, stamped, branded, or labeled, in legible English words, so as to indicate clearly the country of origin. Any such package held in customs custody shall not be delivered unless so marked, stamped, branded, or labeled * * *.

---

[1] T. D. 41877.

The importer protested that the sanitary napkins were not, at the time of their manufacture or production, capable of being marked in an indelible or permanent manner without injury and that the marking of them would materially affect their salability.   The Board of General Appraisers overruled the protest and the importer appealed.

The collector did not require the importer to mark or label the napkins, and he delivered the goods to the importer without such marking.   We must, therefore, presume that they were not capable of being marked, stamped, branded, or labeled without injury.   To hold otherwise would mean that the collector failed to perform the duty imposed upon him by law.   The marking ordered by the collector was an official determination by him that the napkins themselves could not be marked without injury and as the presumption of correctness attaching to that decision had not been overcome, it must be held that the napkins themselves were not capable of being marked, stamped, branded, or labeled, as prescribed by section 304 (a).   *Bradford* v. *American Lithographic Co.*, 12 Ct. Cust. Appls. 318, 323; *United States* v. *Martorelli*, 12 Ct. Cust. Appls. 327, 331.

The pasteboard packages containing the napkins were stamped or branded on the blue paper of the boxes with the words "Made in Germany."   Because of the blue background, that mark could not be readily seen, and the collector obliged the importer to re-mark the pasteboard containers and to place the words "Made in Germany" on the white label of the package.

Packages containing imported articles must be marked, stamped, branded, or labeled in such a way as to clearly indicate the country of origin; but if they are not so marked, they are not subject to the 10 per centum additional duty imposed by the statute for failure to mark articles which are capable of being marked without injury. *United States* v. *Martorelli, supra*, at page 331; *Hobe Button Co.* v. *United States*, 12 Ct. Cust. Appls. 341, 346.   As the packages containing the napkins were re-marked by order of the collector before delivery to the importer, and as the napkins themselves were not capable of being marked without injury, the protest should have been sustained.

The judgment of the Board of General Appraisers, now the United States Customs Court, is, therefore, *reversed.*