GRAY & CO. (INC.) *v.* UNITED STATES (No. 2838)[1]

United States Court of Customs Appeals, May 7, 1927

*Allan R. Brown* for appellant.

*Charles D. Lawrence,* Assistant Attorney General (*Marcus Higginbotham,* special attorney, of counsel), for the United States.

[Oral argument March 16, 1927, by Mr. Brown and Mr. Lawrence]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

This appeal involves the legality of the assessment of an additional duty of 10 per centum ad valorem upon certain cheese imported in the form of cakes of an average size of about 2 feet in diameter and 12 inches in height and weighing from 35 to 45 pounds each, on the ground that they were not legally marked as provided by section 304 (a) of the Tariff Act of 1922. The section in question reads as follows:

SEC. 304. (a) That every article imported into the United States, which is capable of being marked, stamped, branded, or labeled, without injury, at the time of its manufacture or production, shall be marked, stamped, branded, or

---

[1] T. D. 42192.

labeled, in legible English words, in a conspicuous place that shall not be covered or obscured by any subsequent attachments or arrangements, so as to indicate the country of origin. Said marking, stamping, branding, or labeling shall be as nearly indelible and permanent as the nature of the article will permit. Any such article held in customs custody shall not be delivered until so marked, stamped, branded, or labeled, and until every such article of the importation which shall have been released from customs custody not so marked, stamped, branded, or labeled, shall be marked, stamped, branded, or labeled, in accordance with such rules and regulations as the Secretary of the Treasury may prescribe. Unless the article is exported under customs supervision, there shall be levied, collected, and paid upon every such article which at the time of importation is not so marked, stamped, branded, or labeled, in addition to the regular duty imposed by law on such article, a duty of 10 per centum of the appraised value thereof, or if such article is free of duty there shall be levied, collected, and paid upon such article a duty of 10 per centum of the appraised value thereof.

Every package containing any imported article, or articles, shall be marked, stamped, branded, or labeled, in legible English words, so as to indicate clearly the country of origin. Any such package held in customs custody shall not be delivered unless so marked, stamped, branded, or labeled, and until every package of the importation which shall have been released from customs custody not so marked, stamped, branded, or labeled shall be marked, stamped, branded, or labeled, in accordance with such rules and regulations as the Secretary of the Treasury may prescribe.

The Secretary of the Treasury shall prescribe the necessary rules and regulations to carry out the foregoing provisions.

It appears from the record that the cakes of cheese were wrapped with cheesecloth and the cloth coated with paraffin for the purpose of preserving the form and quality of the cheese; that they were imported in boxes—two cakes to the box; that the boxes were legally marked to indicate the country of origin; that neither the paraffin-coated cheesecloth nor the cheese itself was marked, stamped, branded, or labeled so as to indicate the country of origin.

It appears that the collector classified the merchandise as not legally marked, stamped, branded, or labeled; that he required the importer to mark the covering of cheesecloth and paraffin by stenciling thereon suitable words to indicate the country of origin; and that he thereupon assessed the merchandise with an additional duty of 10 per centum ad valorem.

The court below overruled the protest, holding that the evidence was not sufficient to overcome the presumption of correctness of the collector's classification.

It is claimed here by the appellant that the cheesecloth and paraffin coating thereon was a container of the cheese and not a part thereof; that as the collector required that such container be marked, and as he did not require that the cheese itself be marked, stamped, branded, or labeled, it will be presumed as a matter of law that he found that the cheese could not be marked, stamped, branded, or labeled without injury; and that as section 304 (a) does not provide for the assessment of an additional duty for failure to mark, stamp,

brand, or label a container or package, the assessment of the additional duty of 10 per centum ad valorem was illegal and void.

It is claimed by the Government that the paraffin-coated cheesecloth in which each cake of cheese is contained is, for the purposes of section 304 (a), a part of the cheese; and that as the cheesecloth could be marked so as to indicate the country of origin without injury, and as it was not so marked at the time of importation, the assessment of the additional duty was proper and lawful.

Section 304 (a) does not provide for the assessment of an additional duty for failure to mark, stamp, brand, or label a package in which merchandise is imported.

The word "package," as used in section 304 (a), has been held by this court to mean the covering or container in which an article is placed or contained. *United States* v. *Martorelli*, 12 Ct. Cust. Appls. 327, T. D. 40483.

Obviously, cheesecloth coated with paraffin and wrapped around a cake of cheese in order that the cheese may be preserved in form or quality or for any other purpose is not a part of the cheese. It is not cheese, but a container of cheese. Of course, it may be included as a part of a cake of cheese for commercial purposes; but we held in the cases of *Bradford Co. et al.* v. *American Lithographic Co.*, 12 Ct. Cust. Appls. 318, T. D. 40318, and *Hobe Button Co.* v. *United States*, 12 Ct. Cust. Appls. 341, T. D. 40488, that it was the article itself and not the commercial unit which the statute required to be marked, stamped, branded, or labeled.

The collector required the paraffin-coated cheesecloth containers to be marked so as to indicate the country of origin. He did not require that the cheese itself—the article of importation—be marked, stamped, branded, or labeled. It must be presumed, therefore, that the collector found that the cheese was incapable of being marked, stamped, branded, or labeled without injury. *United States* v. *Martorelli, supra; Burstein & Sussman* v. *United States*, 14 Ct. Cust. Appls. 255, T. D. 41877. This presumption was not overcome by the evidence. On the contrary, it seems to be supported thereby. The witness, Louis J. Popper, testified that the cheese was "slightly soft" in consistency, and contained a "high percentage of moisture."

The assessment of the additional duty for failure to mark the containers or packages in which the cheese was contained is not authorized by the statute. The judgment is, therefore, *reversed.*

### DISSENTING OPINION

BLAND, Judge: I am unable to agree with the majority opinion that the rind of the cheese is not a part of the article any more than I could agree with the proposition that an eggshell is not a part of the egg. The proof in this case does not show just when the cheesecloth

and paraffin becomes a part of the article, but in this kind of cheese it is probable that the cloth at least is put on during the manufacture of the cheese. Neither does the record show whether the importer was charged 5 cents per pound customs duty on the cheesecloth and paraffin, but I think it is fair to assume that he did pay the same duty on it that he paid on the remainder of the cake. The importation consisted of 250 boxes of cheese, the gross weight of which was 24,195 pounds—net weight, 22,027 pounds. There were two cakes or two cheeses in each box. I assume that the gross weight included the boxes or crating, since the return of weight by the weigher is marked "no paper or foil."

The majority opinion holds that the cloth coated with paraffin, which surrounds the cheese, is a container and the whole is a package. *United States* v. *Martorelli,* 12 Ct. Cust. Appls. 327, T. D. 40483, is cited as supporting this view. This case involved baskets of figs. The baskets were held to be containers. I regard this case as no authority for the court's holding in the case at bar. The article in the *Martorelli* case was the figs and they were held to be incapable of being marked. The basket of figs was held to be the package and necessarily the basket was the container. In that case the basket was an article separate and apart from the figs and the line of demarcation between the figs and the package was clearly marked.

A pound of figs would not include any part of the basket. A pound of cheese would certainly include a portion of the rind just the same as a pound of eggs or a dozen eggs would include the shell. Yet if we would eat eggs, we would not eat the shell.

As I understand it, Edam cheese has a coating of noninjurious paint or coloring matter on the outside for the purpose largely of preserving the interior. It is pertinent to inquire if this coating is a package or container. Cheesecloth which, in the process of manufacture, becomes imbedded in the cheese has an entirely different relation to the cheese than foil or paper wrapped around the outside.

In *Yohalem & Diamand* v. *United States,* 14 Ct. Cust. Appls. 92, T. D. 41586, this court held that tins of vegetables were the packages and that the content of the tins was the article. There the tins, of course, were not vegetables, neither was the package a vegetable, but in the case at bar the package is a cheese, both in the commercial and common understanding. The opinion of the court in this case is authority for the customs officials, in levying a duty upon a cheese, without paper or foil wrapping, at the rate of 5 cents per pound, to exclude the weight or value of the cloth, paraffin, paint, or rind, if the rind is not of edible cheese.

I think the collector was correct in requiring that each cheese contained in the box be marked and in levying additional duty for failing to mark each cheese, and the judgment of the court below should be affirmed.