GEORGE B. ZALOOM *v*. UNITED STATES (No. 3700)[1]

United States Court of Customs and Patent Appeals, March 19, 1934

*Brooks & Brooks* (*Ernest F. A. Place* of counsel) for appellant.
*Charles D. Lawrence*, Assistant Attorney General (*Daniel I. Auster* and *Ralph Folks*, special attorneys, of counsel), for the United States.

[Oral argument February 14, 1934, by Mr. Place and Mr. Folks]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

GRAHAM, Presiding Judge, delivered the opinion of the court:

Certain sausage casings were imported at the port of New York under the Tariff Act of 1930. These consisted of sheep's intestines, packed in salt, in three barrels. The intestines were liquidated as free of duty by the collector under paragraph 1755 of said Tariff Act of 1930. The barrels were not marked with the country of origin, as required by section 304 of said tariff act, and the collector thereupon assessed duty under the provisions of said section 304, at 10 per centum upon the appraised value of the merchandise. The barrels, having been marked while in customs custody and duty assessed, were released, and the importer then protested against the levy of the

[1] T. D. 46972.

additional duty. This protest was overruled by the United States Customs Court and the importer has brought the case to this court on appeal.

On the trial in the court below, a motion was made by the Government to dismiss the protest because of its alleged insufficiency, which motion was denied. The Government has prosecuted no appeal, and, hence, that contention has been abandoned and the matter comes before us on its merits.

The testimony of the importer shows that the imported goods, as they are imported, have no containers except the barrels; that the barrels are resold to people who regrade the merchandise, and then sell it, as regraded, to their customers.

Said section 304 of the Tariff Act of 1930 is as follows:

SEC. 304. MARKING OF IMPORTED ARTICLES.

(a) MANNER OF MARKING.—Every article imported into the United States, and its immediate container, and the package in which such article is imported, shall be marked, stamped, branded, or labeled, in legible English words, in a conspicuous place, in such manner as to indicate the country of origin of such article, in accordance with such regulations as the Secretary of the Treasury may prescribe. Such marking, stamping, branding, or labeling shall be as nearly indelible and permanent as the nature of the article will permit. The Secretary of the Treasury may, by regulations prescribed hereunder, except any article from the requirement of marking, stamping, branding, or labeling if he is satisfied that such article is incapable of being marked, stamped, branded, or labeled or cannot be marked, stamped, branded, or labeled without injury, or except at an expense economically prohibitive of the importation, or that the marking, stamping, branding, or labeling of the immediate container of such article will reasonably indicate the country of origin of such article.

(b) ADDITIONAL DUTIES FOR FAILURE TO MARK.—If at the time of importation any article or its container is not marked, stamped, branded, or labeled in accordance with the requirements of this section, there shall be levied, collected, and paid on such article, unless exported under customs supervision, a duty of 10 per centum of the value of such article, in addition to any other duty imposed by law, or, if such article is free of duty, there shall be levied, collected, and paid a duty of 10 per centum of the value thereof.

(c) DELIVERY WITHHELD UNTIL MARKED.—No imported article or package held in customs custody shall be delivered until such article (and its container) or package and every other article (and its container) or package of the importation, whether or not released from customs custody, shall have been marked, stamped, branded, or labeled in accordance with the requirements of this section. Nothing in this subdivision shall be construed to relieve from the requirements of any provision of this Act relating to the marking of particular articles or their containers.

(d) PENALTIES.—If any person shall with intent to conceal the information given thereby or contained therein, deface, destroy, remove, alter, cover, obscure, or obliterate any mark, stamp, brand, or label required under the provisions of this Act, he shall, upon conviction, be fined not more than $5,000 or imprisoned not of more than one year, or both.

(e) EFFECTIVE DATE.—This section shall take effect sixty days after the date of enactment of this Act.

The language of its predecessor paragraph, section 304 of the Tariff Act of 1922, differs somewhat from the section just quoted, and, for purposes of comparison, said section 304 of the Tariff Act of 1922 is here given:

SEC. 304 (a) That every article imported into the United States, which is capable of being marked, stamped, branded, or labeled, without injury, at the time of its manufacture or production, shall be marked, stamped, branded, or labeled, in legible English words, in a conspicuous place that shall not be covered or obscured by any subsequent attachments or arrangements, so as to indicate the country of origin. Said marking, stamping, branding, or labeling shall be as nearly indelible and permanent as the nature of the article will permit. Any such article held in customs custody shall not be delivered until so marked, stamped, branded, or labeled, and until every such article of the importation which shall have been released from customs custody not so marked, stamped, branded, or labeled, shall be marked, stamped, branded, or labeled, in accordance with such rules and regulations as the Secretary of the Treasury may prescribe. Unless the article is exported under customs supervision, there shall be levied, collected, and paid upon every such article which at the time of importation is not so marked, stamped, branded, or labeled, in addition to the regular duty imposed by law on such article, a duty of 10 per centum of the appraised value thereof, or if such article is free of duty there shall be levied, collected, and paid upon such article a duty of 10 per centum of the appraised value thereof.

Every package containing any imported article, or articles, shall be marked, stamped, branded, or labeled, in legible English words, so as to indicate clearly the country of origin. Any such package held in customs custody shall not be delivered unless so marked, stamped, branded, or labeled, and until every package of the importation which shall have been released from customs custody not so marked, stamped, branded, or labeled shall be marked, stamped, branded, or labeled, in accordance with such rules and regulations as the Secretary of the Treasury may prescribe.

The Secretary of the Treasury shall prescribe the necessary rules and regulations to carry out the foregoing provisions.

(b) If any person shall fraudulently violate any of the provisions of this Act relating to the marking, stamping, branding, or labeling of any imported articles or packages or shall fraudulently deface, destroy, remove, alter, or obliterate any such marks, stamps, brands, or labels with intent to conceal the information given by or contained in such marks, stamps, brands, or labels, he shall upon conviction be fined in any sum not exceeding $5,000, or be imprisoned for any time not exceeding one year, or both.

From a comparison of these sections, it will be observed that the only substantial differences are that in the later statute the Secretary of the Treasury is given authority to except any article from the requirements of marking, etc., when he is satisfied that such article is incapable of being marked, or for other reasons mentioned in the statute. In addition, it will be observed that, while the Tariff Act of 1922 provided for the marking of imported articles, and "every package" containing any such article, the present statute provides for the marking of every article, "its immediate container, and the package" in which the article is imported.

While section 304 of the Tariff Act of 1922 was in effect, we were called upon, on numerous occasions, to discuss the language thereof

and to construe the same. Without an extensive and unnecessary resurvey of these cases, it will be sufficient to note that the leading cases on the subject are *Bradford Co.* v. *Am. Lith. Co.*, 12 Ct. Cust. Appls. 318, T.D. 40318; *United States* v. *Martorelli*, 12 Ct. Cust. Appls. 327, T.D. 40483; *Hobe Button Co.* v. *United States*, 12 Ct. Cust. Appls. 341, T.D. 40488; *DiMartino* v. *United States*, 14 Ct. Cust. Appls. 57, T.D. 41554; *Yohalem & Diamand* v. *United States*, 14 Ct. Cust. Appls. 92, T.D. 41586; *Hudson Forwarding & Shipping Co.* v. *United States*, 14 Ct. Cust. Appls. 94, T.D. 41587, and *Burstein & Sussman* v. *United States*, 14 Ct. Cust. Appls. 255, T.D. 41877.

These cases held, in general, that the individual article which was imported was the thing which was required to be marked, and, in default of which marking, the additional duty provided by the section should be imposed. The holding was also that for a failure to mark the packages in which the articles were imported, no additional duty could be imposed. These rulings, which were in entire harmony with the language of the section and with any legislative intent which was apparent to the court, produced, at times, an unexpected result, in that they seemed to call for the marking of articles which were not the commercial units usually bought and sold. These cases also announced the principle necessitated by the nature of the act that, where goods were released from customs custody by the collector without a marking of the individual articles, it would be assumed, in the absence of any showing to the contrary, that the collector was of opinion, and had found, that the goods could not be marked, branded, etc., without injury.

A reading of these cases will disclose that this court did not consider that there was any distinction between the containers of the merchandise and packages in which the same were shipped, both being considered as within the language of the section, "every package containing any imported article or articles." A striking example of this is found in *United States* v. *Martorelli, supra*, in which the court called attention to the fact that there might well be packages within packages, and in which we observed "for a failure to mark the article of importation, which should go into the hands of the consumer, if capable of being marked, the Congress provided a penalty in the 10 per centum provision of the law, but for a failure to mark the container, or 'package', no such penalty was imposed." Again, in *Yohalem & Diamand* v. *United States, supra*, tins containing prepared or preserved vegetables were referred to as packages.

Counsel on both sides of this case have argued seriously, and at some length, as to the legislative history of the provision which is now before us for construction. However, as we view the matter, there is nothing obscure or ambiguous about the language of section 304 of the Tariff Act of 1930, and, therefore, there seems to be no necessity for

any recourse to legislative history. Section 304 (b) plainly provides that if any article or its container is not marked at its time of importation, an additional duty of 10 per centum shall be imposed. We do not understand the importer here to seriously contend that the barrels were not the containers of the sausage casings imported here. Being such containers, and not being marked, it follows that the assessment of additional duty was properly made. While the language of section 304 (c) is somewhat involved, there is no difficulty about understanding what it means. Manifestly its meaning is that every imported article, its container, and, if it is in a package other than its immediate container, its package, all shall be marked before any of the goods shall be released from customs custody. These changes doubtless arose from a consideration of the facts in the cases which have heretofore arisen under this marking statute, and which are hereinbefore referred to. In brief, the intent of section 304 of the Tariff Act of 1930 is, obviously, that all containers and packages of any imported article, whether one or more, shall be plainly marked to indicate the country of origin.

The judgment of the United States Customs Court is *affirmed*.