UNITED STATES *v.* MILNOR, INC. (NO. 3118)[1]

United States Court of Customs Appeals, January 29, 1929

*Charles D. Lawrence,* Assistant Attorney General (*John F. Kavanagh,* special attorney, of counsel), for the United States.
*Richard Neville* for appellee.

[Oral argument December 11, 1928, by Mr. Lawrence]

Before GRAHAM, Presiding Judge, and BLAND and HATFIELD, Associate Judges

GRAHAM, Presiding Judge, delivered the opinion of the court:

Milnor (Inc.) imported the articles in controversy at Los Angeles. The first class of articles is represented by Exhibit No. 1 which is before us. It consists of a decorated glass vase-shaped portion and a detachable decorated glass shade or cover, so fashioned as to fit down over the upper open mouth of the vase-shaped part. The lower portion of the article is perforated and fitted with a silk-covered,

---

[1] T.‡D. 43212.

insulated electric cord, plug, and a socket for the reception of the light element. The whole, when assembled, is quite ornamental and is about 11 inches in height. The other article of importation is known as Exhibit No. 2 and is a colored glass flask about 7 inches in height, without a stopper and partly covered with a decorative layer composed of a metal resembling pewter. There is nothing about this exhibit to indicate that it is intended for any use except that of a bottle or flask.

The collector returned the articles represented by Exhibit No. 1 as "Lamps of glass, colored, or otherwise decorated, at 60 per centum," under paragraph 218, Tariff Act of 1922. The articles represented by Exhibit No. 2 were returned by him as "Articles such as lamps not wired, perfume burners, vases, etc., all composed of cased glassware, at 60 per centum," also under said paragraph 218. The importer protested in each case, claiming the goods to be dutiable as incandescent electric-light bulbs and lamps under paragraph 229 of said act, or as not enumerated manufactured articles under paragraph 1459. The Customs Court sustained the protests under said paragraph 229, and the Government has appealed.

The relevant portions of said paragraphs 218 and 229 are as follows:

PAR. 218. * * * illuminating articles of every description, including chimneys, globes, shades, and prisms, for use in connection with artificial illumination, all of the foregoing, finished or unfinished, composed wholly or in chief value of glass or paste, or a combination of glass and paste, 60 per centum ad valorem; all glassware commercially known as plated or cased glass, composed of two or more layers of clear, opaque, colored, or semitranslucent glass, or combinations of the same, 60 per centum ad valorem; * * *.

PAR. 229. Incandescent electric-light bulbs and lamps, with or without filaments, 20 per centum ad valorem.

The record discloses that Exhibit No. 1 is sold and used as a lamp, and, after being fitted with the proper light element and having been connected with an electric current, is used as other lamps are used for illuminating purposes. Exhibit No. 2 is used as a part in the construction of lamps and fixtures.

There was considerable testimony offered to the effect that Exhibit No. 1 is a lamp. Whether it is or is not a lamp, as we view the matter, is immaterial. The inquiry necessarily must be not whether it is a lamp, but whether it is an incandescent electric-light bulb or lamp, as provided for in said paragraph 229. Some slight effort was made to prove a commercial designation for the imported articles, but we can not find in the record sufficient evidence to convince us that such commercial designation has been established. We are therefore relegated to the common understanding of the meaning of the terms used in the statute.

We had this same question under consideration in *B. B. T. Corporation* v. *United States*, 16 Ct. Cust. Appls. 144, T. D. 42780. There

flood lights for aviation fields were imported and were classified by the collector as projection lenses and frames for the same under paragraph 228, Tariff Act of 1922. The importer claimed they were dutiable as incandescent electric-light lamps. The court discussed the common meaning of the statutory term "incandescent electric-light bulbs and lamps, with or without filaments," and concluded as follows:

From these definitions it fairly appears that an incandescent electric lamp ordinarily consists of a bulb, fitted with other parts, and the whole forming a lamp. The word is thus restricted in its meaning to the light-giving element and its immediate parts, and does not broaden out enough to embrace every item which goes toward holding the light-giving element in place or magnifying its power or directing its beams. The lamp is the source of the light; the other elements are accessory thereto. It will also be likewise observed that a complete electric lamp consists of several parts, of which one part is the bulb; the bulb, together with the other parts, which, the statute states, may be a "filament" or not, constitute a lamp.

There is no reason presented here which differs from those we considered in the *B. B. T. Corporation* case, *supra*. We therefore adhere to the said opinion there expressed. In this view of the matter, the goods imported here are far removed from incandescent electric-light bulbs and lamps.

But, it is stated, the appraiser's report was not offered in evidence, and there is no evidence in the record of the chief value of the merchandise. This argument is then made:

Before the dutiability can be thrown into paragraph 218 there must be evidence that the merchandise is in chief value of glass.

It would have been manifest to counsel, had he given the matter mature consideration, that when the collector classified the goods for duty as he did, under paragraph 218, he must have found that such articles as were represented by Exhibit No. 1 were composed wholly or in chief value of glass or paste and that those represented by Exhibit No. 2 were commercially known as plated or cased glass; otherwise he could not have so classified them. This presumption obtained when hearings were begun before the classification court. The burden was upon the protestant, the appellee here. No evidence having been introduced by either party on the subject of chief value, the finding of the collector, in that matter, stands. No rule of customs litigation is better understood than this. *Abell Forwarding Co.* v. *United States*, 13 Ct. Cust. Appls. 597, T. D. 41455; *United States* v. *Chichester & Co.*, 14 Ct. Cust. Appls. 71, T. D. 41579; *Burstein & Sussman* v. *United States*, 14 Ct. Cust. Appls. 255, T. D. 41877; *Bush & Co.* v. *United States*, 14 Ct. Cust. Appls. 345, T. D. 41971.

The judgment of the United States Customs Court is *reversed*.