BEFORE THE FIRST DIVISION, MAY 31, 1960

No. 64250.—R. J. Saunders & Co., Inc. *v.* United States, protest 59/5292 (New York).

OLIVER, Chief Judge:   This case is before us for decision on a written stipulation of submission wherein counsel for the respective parties have agreed to the following set of facts:

1—That the merchandise the subject of the above-entitled protest, described on the invoices as "PF 1 photoflash bulbs" or "PF 1/B photoflash bulbs", consists of photoflash lamps composed in chief value of blown glass which were classified as blown glassware and assessed for duty at 30 per cent ad valorem under paragraph 218(f), Tariff Act of 1930, as modified by the trade agreement with Japan T.D. 53865, and are claimed to be classifiable as incandescent electric light lamps with metal filaments and dutiable at 10 per cent ad valorem under paragraph 229 of the said act as modified by the said trade agreement; that both items are identical except that item PF 1/B has a blue coating on the outer surface of the glass bulb for use with color film; and that the two samples of item PF 1, submitted herewith, may be received in evidence and marked Plaintiff's Collective Exhibit 1.

2—That the said lamps are designed to be and are used, exclusively, as the light giving element in a flash gun used in connection with a camera in the taking of flashlight photographs.

3—That, in their imported condition, as represented by Plaintiff's Collective Exhibit 1, they are complete lamps and are ready to be inserted in the socket of the lamp holder in a flash gun; that in cases where the socket is too large, an adaptor is inserted therein; and that the sample of the type adaptor so used, submitted herewith, may be received in evidence and marked Plaintiff's Exhibit 2.

4—That the light is given by incandescence resulting from heating to incandescence the short metal filament attached to the ends of the lead-in wires and the loose metal filaments, inside the bulb, by electric current which passes into the sealed bulb through the lead-in wires.

5—That the light so given is extremely bright and of brief duration, about 1/40th of a second or less; and that this is sufficient light for the purpose for which the lamps are used, that is, to provide the illumination necessary for the taking of flashlight photographs.

6—That the said lamps can be used only once as the filaments are destroyed in the production of the light.

To support its claim for classification of these photoflash lamps as incandescent electric-light lamps, plaintiff relies on the case of *Charles A. Redden et al.* v. *United States*, 19 C.C.P.A. (Customs) 401, T.D. 45574. There, the merchandise consisted of tubular-shaped burners composed of transparent fused quartz made from rock crystal. Each burner consisted of a straight tube having two cross-pieces, also tubular, on each end. The tubular cross-pieces were designed to hold mercury-film phosphorous salts that were placed therein after importation. As the salts were warmed, a mercury vapor was produced, and the air was removed from the tube to form a vacuum. In use, an electric current was passed through the tube, causing the mercury salts to vaporize, to become incandescent, and to give off a very bright light. The articles were exclusively used for therapeutic and prophylactic purposes. They were used chiefly by physicians for irradiating the body with ultra rays, which rays produced artificial "sunburn."

In holding those burners to be classifiable as incandescent electric-light lamps, the appellate court emphasized that "if the Congress meant to restrict the meaning of electric-light bulbs to such as are in common use for ordinary illumination it might easily have done so," and adopted certain qualifications, inherent in the statutory language, as controlling. Those qualifications, which the court held to be required by the statute as conditions for classification of merchandise as incandescent electric-light bulbs or lamps, appear in the cited case as a quotation from appellants' brief, which was set forth with approval as follows:

\* \* \* the lamps conform to the qualifications required by the statute as conditions of classification. They are incandescent lamps because the light is given by incandescence. They are electric-light lamps because they give light and because the source of the light is the electric current. They are lamps because they are the light-giving element. It is entirely immaterial that they are not constructed exactly the same as the original incandescent electric-light lamp. They are dutiable under the provision because they conform to the qualifications named by the statute.

Defendant contends that the *Redden* case, *supra*, cannot be applied in determining the present issue. Government counsel's brief argues the point as follows:

The *Redden* case in no way supports the argument of the plaintiff herein. The defendant does not argue that an incandescent light must be used for dispelling darkness. Indeed, such a requirement would not prevent the lamps at bar from being classified under paragraph 229. Unquestionably they dispel darkness—for one-fortieth of a second. Defendant's point is that the lamps herein are not at all similar to any of the lamps intended to be covered by paragraph 229. The filament is not of the same quality. It burns out upon split-second use. It does not produce a steady, sustained light as all of the others do. Regardless of the purpose for which such light is utilized, it must be produced.

It cannot be used repeatedly, as all of the others can, but must be thrown away after being used once. Thus, it lacks the characteristics of the incandescent lamp contemplated by paragraph 229.

To support defendant's position, Government counsel cites *Burke & James* v. *United States*, 63 Treas. Dec. 391, T.D. 46215. That case involved certain so-called "Vacublitz" bulbs, which were excluded from the provision for incandescent electric-light bulbs or lamps and held to be properly classifiable as manufactures of metal, not specially provided for. The case, however, cannot be viewed as an authority, as the decision appears to be based on the record evidence therein. The record in the cited case is not before us. Moreover, the decision contains no outline or review of the evidence, but merely states that "Upon the testimony we hold as a matter of law that these bulbs are not 'incandescent electric-light bulbs or lamps' within the meaning of paragraph 229 of the Tariff Act of 1922," and then cites *B.B.T. Corp. of America* v. *United States*, 16 Ct. Cust. Appls. 144, T.D. 42780, and *United States* v. *Milnor* (*Inc.*), 16 Ct. Cust. Appls. 472, T.D. 43212.

Neither of those two cases are favorable to the theory advanced by defendant. In the *B.B.T. Corp. of America* case, the merchandise consisted of aviation field floodlights that were shipped in a knocked-down condition and were comprised of three complete units, ready to be fitted with lighting devices. Each article was shaped like a ship's or lighthouse lantern and consisted of a metal frame containing a socket for the reception of an incandescent electric-light bulb, and a lens. The articles were adapted to no other use than to light aviation fields and were used with ordinary commercial electric current. The court excluded the merchandise from the provision for incandescent electric-light bulbs or lamps, and, in the course of its decision, stated that:

* * * an incandescent electric lamp ordinarily consists of a bulb, fitted with other parts, and the whole forming a lamp. The word is thus restricted in its meaning to the light-giving element and its immediate parts, and does not broaden out enough to embrace every item which goes toward holding the light-giving element in place or magnifying its power or directing its beams. The lamp is the source of the light; the other elements are accessory thereto. It will also be likewise observed that a complete electric lamp consists of several parts, of which one part is the bulb; the bulb, together with the other parts, which, the statute states, may be a "filament" or not, constitute a lamp.

The foregoing quotation was cited with approval in the *Milnor* (*Inc.*) case, *supra*, wherein the appellate court excluded from classification as incandescent electric-light bulbs or lamps, certain highly decorative articles used in the assembly of lamps and fixtures for illuminating purposes.

There is nothing in either the *B.B.T. Corp. of America* case or in the *Milnor* (*Inc.*) case to support defendant's contention that the provision for incandescent electric-light lamps in paragraph 229, as modified, is limited to such lamps that can be used repeatedly and that produce light over a steady and sustained period. The basic distinction between those two cases, which are discussed in defendant's brief, and the *Redden* case, upon which plaintiff relies, is in the classes of merchandise involved therein. In the *B.B.T. Corp. of America* case and the *Milnor* (*Inc.*) case, the articles under consideration served as accessories to light-giving elements. In the *Redden* case, the merchandise, itself, consisted of a light-giving element.

There is, however, in all of the three cited cases, an element of consistency, as they judicially interpreted the tariff meaning of the designation, incandescent electric-light lamp. Each of them emphasized that the term is restricted to a light-giving element, with its immediate parts that may or may not include a filament, which gives its light by incandescence through electric current.

The photoflash lamps involved in this case meet all of those qualifications. That the light given thereby is "of brief duration, about 1/40th of a second or less," as the parties have stipulated, is not a material factor and will not affect classification of these articles under the provision for incandescent electric-light lamps. Of controlling influence are the facts that these photoflash lamps are light-giving elements, designed for use in a certain manner and for a specific purpose, and that, in their exclusive use in a flash gun, they give light by incandescence resulting from the heating of metal filaments through electric current.

On the basis of the present record and for all of the reasons hereinabove set forth, we hold the photoflash lamps, described on the invoice as "PF 1 photoflash bulbs" or "PF 1/B photoflash bulbs," to be dutiable at the rate of 10 per centum ad valorem under paragraph 229 of the Tariff Act of 1930, as modified, as incandescent electric-light lamps, as claimed by plaintiff.

The protest is sustained and judgment will be rendered accordingly.